Filed 6/23/21  P. v. Pimentel CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CESAR PIMENTEL,<br><br>    Defendant and Appellant. | F081286<br><br>(Kings Super. Ct. No. 18CMS6278)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Poochigian, J.

## INTRODUCTION

Appellant and defendant Cesar Pimentel entered into a negotiated disposition in several unrelated cases and was sentenced to the stipulated term. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On December 11, 2018, Hanford Police Officer Pacheco spoke to witness U.T., who reported she was driving in the area of Grangeville Boulevard with her children in the car. She saw a woman running because she was being chased by a gold Mercedes. U.T. provided the license plate for the Mercedes, and Pacheco learned the vehicle belonged to defendant.

U.T. said she stopped and let the woman, later identified as H.D., get into her car. H.D. looked afraid. U.T. drove away, but the gold Mercedes cut in front of her vehicle and forced her to stop. Defendant got out of the Mercedes, walked up to U.T.'s car, pointed a gun at her, and said he would shoot her if she moved. Defendant then walked to the passenger side and tried to get H.D. out of the car. He threatened H.D. and told her to "watch what's going to happen to you tonight. I'm going to kill you." Then he drove away. U.T. dropped off H.D. at her requested location and reported the incident to the police. U.T. told the officer that she feared for her safety and that of her family because of the incident.

U.T. later reviewed a photographic lineup and identified defendant as the suspect. She also reviewed a photograph and identified H.D. as the woman. Defendant was subsequently apprehended during a traffic stop.

---

[1] The facts are from the preliminary hearing and the police reports.

## PROCEDURAL BACKGROUND

On January 16, 2019, an information was filed in the Superior Court of Kings County case No. 18CMS6278, charging defendant with count 1, criminal threats against U.T. (Pen. Code, § 422);[2] count 2, criminal threats against H.D. (*ibid.*); count 3, assault with a firearm on U.T. (§ 245, subd. (a)(2)); and count 4, misdemeanor brandishing a firearm (§ 417, subd. (a)(2)(B)), with firearm enhancements (§ 12022, subd. (a)(1)), and prior prison term enhancements (§ 667.5, subd. (b)).

**Plea**

On March 5, 2020, defendant entered into a negotiated disposition in five cases.

In case No. 18CMS6278, he pleaded no contest to count 1, criminal threats to U.T., and admitted the firearm enhancement, for a stipulated term of four years in prison and dismissal of the other charges in that case.

Defendant also pleaded no contest to second degree burglary (§ 459) in case No. 19CM0363A;[3] felon in possession of a firearm (§ 29800, subd. (a)(1)) and misdemeanor receiving stolen property (§ 496) in case No. 19CM2842A; misdemeanor possession of marijuana for sale (Health & Saf. Code, § 11359), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and misdemeanor driving with a suspended license (Veh. Code, § 14601.1, subd. (a)) in case No. 19CM0991; and

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

[3] The burglary conviction was based on an incident on October 31, 2018, when police responded to a gas station. An employee reported that when she arrived to open the business at 4:00 a.m., she discovered the front doors had been damaged. The security video showed a Mercedes as it backed up to the doors, and two people were in the car. One person got out of the car, broke the gas station's entrance doors with an axe, and attempted to steal the ATM located inside the store by wrapping a tow strap around it. The two suspects were later identified as defendant and H.D. H.D. later admitted she was in the Mercedes but claimed she did not know what defendant was going to do at the gas station.

3.

admitted he violated the terms of his postrelease community supervision in case No. 18CS0168.

**Sentencing**

On April 14, 2020, the court denied probation and imposed an aggregate term of five years four months in prison for the five cases, consistent with the stipulation at the plea hearing.

As part of that term, the court sentenced defendant in case No. 18CMS6278 to the upper term of three years for count 1, criminal threats, plus one year for the firearm enhancement; imposed a restitution fine of $300 (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45); and imposed a court security fee of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373).

On June 8, 2020, defendant filed a notice of appeal only in case No. 18CMS6278.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 6, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.